UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:

JOHN J. MALONEY, III, a/k/a
JOHN MALONEY MESSENGER SERVICE,           Case No.: 05-88735-ast
                                          Chapter 7
                    Debtor.
-------------------------------------------------------X
ROBERT L. PRYOR, as Chapter 7 Trustee,

                    Plaintiff,

             -against-                     Adv. Pro. No.: 11-9152-ast

JOHN J. MALONEY, III,

                    Defendant.
-------------------------------------------------------X

## DECISION AND ORDER GRANTING
## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Pending before this Court is the motion of Robert L. Pryor, the Chapter 7 Trustee ("Trustee") of the bankruptcy estate of John J. Maloney, III a/k/a John Maloney Messenger Service, ("Defendant") seeking an order granting summary judgment in the above referenced adversary proceeding ("Adversary Proceeding") pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, as incorporated by Rule 7056 of the Federal Rules of Bankruptcy Procedure, (the "MSJ").  [dkt item 24].  For the reasons set forth herein, the MSJ is granted.

### BACKGROUND

*Procedural History*

The procedural history of this dispute is as follows. On October 14, 2005 (the "Petition Date"), Defendant filed a voluntary petition for relief under Chapter 7 of Title 11, United States Code (the "Bankruptcy Code").

Decision and Order – p. 1

As of the Petition Date, Debtor held an interest in a trust known as the 1996 Jeanne M. Maloney Trust (the "1996 Trust"), as well as an interest under the Last Will and Testament (the "Will") of his father, John J. Maloney, Jr. ("JJM"). JJM passed away on June 3, 2006. By letter dated December 20, 2006, counsel for the Trustee advised Francis Bernard Maloney, the sole executor of the estate of JJM and one of the two Trustees of the 1996 Trust, together with his counsel, Cullen and Dykman, LLP ("Cullen and Dykman") that any and all distributions made from the Trust and/or the Will attributable to any interest of Debtor were to be turned over to the Trustee as property of the bankruptcy estate. Following the delivery of the letter, the Trustee and Cullen and Dykman corresponded back and forth regarding Debtor's interests under the Trust and Will.

On or about March 16, 2011, counsel for the Trustee received correspondence from Cullen and Dykman advising him that assets of the Trust and the Will had been converted to cash, and that Debtor asserted that the sum of $154,076.26 attributable to Debtor's interests under the 1996 Trust and Will (the "Undistributed Funds") belonged to Debtor and should not be turned over to the Trustee. The Undistributed Funds are derived from two sources: $150,000.00 was derived from Debtor's interest from the Trust (the "Trust Proceeds"), and $4,076.25 was derived from Debtor's share of the proceeds arising from the sale of JJM's condominium, which share passed to Debtor under JJM's Will (the "Condo Proceeds"). Thereafter, the Trustee demanded turnover of the Undistributed Funds.

By correspondence dated April 1, 2011, Cullen and Dykman informed the Trustee's counsel that they would turnover the funds to the Trustee on the condition that, *inter alia*, Debtor's counsel would consent in writing to the turnover of the funds. Debtor's counsel refused to give such consent.

Thus, on June 8, 2011, Cullen and Dykman commenced the instant Adversary Proceeding by filing a complaint against Debtor and the Trustee (the "Complaint"). [dkt item 1] The Complaint seeks a judgment that, *inter alia*, allows Cullen and Dykman as a disinterested stakeholder to interplead the Undistributed Funds, requests a release of Cullen and Dykman, and requests that this Court resolve the respective rights as between the Trustee and Debtor to the Undistributed Funds, pursuant to Rule 7022 of the Federal Rules of Bankruptcy Procedure.

On July 7, 2011, the Trustee filed an answer asserting certain claims that: (1) that any and all property, proceeds or other interests which Debtor is entitled to receive as a beneficiary under the 1996 Trust constitutes property of the bankruptcy estate pursuant to 11 U.S.C. § 541(a)(1); and (2) that Debtor, independently and by and through his counsel, interfered with the administration of Debtor's bankruptcy estate by preventing the turnover of the Undistributed Funds to the Trustee. [dkt item 7]

On August 18, 2011, Cullen and Dykman moved for an order permitting it to deposit the Undistributed Funds into the registry of the Court, and to be released from this litigation (the "Motion to Deposit"). [dkt item 16]

By Order dated October 13, 2011, the Court granted the Motion to Deposit, and ordered that the Undistributed Funds be delivered to the Trustee and deposited into a fiduciary account to be held by the Trustee until further order of the Court (the "October 13 Order"). [dkt item 22] The October 13 Order also dismissed Cullen and Dykman from this Adversary Proceeding, and amended the caption to denominate the Trustee as the Plaintiff and Debtor as the sole Defendant.

On November 17, 2011, the Trustee filed the MSJ seeking summary judgment declaring that $150,000.00 of the Trust Proceeds constitutes property of the bankruptcy estate pursuant to 11 U.S.C. § 541(a). [dkt item 24] The Trustee, however, is not seeking to administer the Condo

Proceeds; the Trustee concedes that Debtor's interest in the Condo Proceeds is not property of the estate because Debtor's father passed away more than 180 days after the Petition Date, and, as such, these inherited funds are not property of the estate under § 541(a)(5).

On December 12, 2011, Debtor filed a memorandum of law in opposition to the MSJ (the "Opposition") [dkt item 26], an affidavit in opposition to the MSJ, [dkt item 25] and a response to statement of material facts in accordance with E.D.N.Y LBR 7056-1. [dkt item 27]

On December 22, 2011, the Trustee filed a reply to the Opposition (the "Reply"). [dkt item 28]

*Establishment of the Trust, and the Trust Proceeds*

On October 13, 1993, Debtor's mother, Jeanne M. Maloney ("Jeanne"), executed a trust between herself as grantor and herself along with Marianne Marie Maloney as trustees for the benefit of herself and her remaindermen (the "Original Trust"). However, on August 13, 1996, the Original Trust was completely revised and replaced by the 1996 Trust. [dkt item 24, Exhibit F] On September 11, 2004, the 1996 Trust was slightly revised by a second amendment, and as to matters not germane to this dispute (the "Second Amendment"). [dkt item 24, Exhibit G] Jeanne then passed away on September 14, 2004. The 1996 Trust essentially provides for the trust assets to be managed for the benefit of Jeanne during her life, with alternate provisions for distributions of the trust assets depending upon whether JJM predeceased or survived Jeanne; if JJM survived Jeanne, then the trust assets were to be administered for the benefit of JJM during his life, and upon his death, the trust assets would be divided into equal shares for each child of JJM and distributed to such children. [dkt item 24, Exhibit F] JJM had twelve children, with Debtor being one of the twelve. Thus, as of the Petition Date, Debtor owned a one-twelfth remainder interest in the 1996 Trust. When JJM died on June 3, 2006, the Trust assets were

Decision and Order – p. 4

worth approximately $1,800,000.00 (the "Remainder Funds"); thus, Debtor's one-twelfth (1/12) interest in the Remainder Funds is worth $150,000.00.

## DISCUSSION

The sole issue for summary judgment is whether Debtor's interest in the 1996 Trust constituted property of the estate as of the Petition Date as a matter of law. The parties agree there are no disputed material facts.

*A. Standard for Summary Judgment*

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment may be granted when "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Summary judgment "is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). The Second Circuit has repeatedly noted that "as a general rule, all ambiguities and inferences to be drawn from the underlying facts should be resolved in favor of the party opposing the motion, and all doubts as to the existence of a genuine issue for trial should be resolved against the moving party." *Brady v. Town of Colchester*, 863 F.2d 205, 210 (2d Cir. 1988) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (Brennan, J., dissenting)); *see also Tomka v. Seiler Corp.*, 66 F.3d 1295, 1304 (2d Cir. 1995); *Burrell v. City Univ.*, 894 F. Supp. 750, 757 (S.D.N.Y. 1995). "If, when viewing the evidence produced in the light most favorable to the non-movant, there is no genuine issue of material fact, then the entry of summary judgment is appropriate." *Pereira v. Cogan*, 267 B.R. 500, 506 (S.D.N.Y. 2001); *see Burrell v. City Univ. of N.Y.,* 894 F. Supp. 750, 758 (S.D.N.Y. 1995) (citing *Binder v. Long Island Lighting Co.*, 933 F.2d 187, 191 (2d Cir. 1991)). "If the

evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).

   *B. Debtor's Interest in the Trust*

As noted, Jeanne died on September 14, 2004, and was survived by JJM; JJM was alive on the Petition Date but died thereafter, on June 3, 2006. Debtor, as one of JJM's twelve children, was entitled to receive a distribution under the 1996 Trust upon the death of his father.[1] The parties differ on the nature of Debtor's interest. The 1996 Trust provides the following with respect to distributions of the Trust assets after the passing of JJM:

> Upon the death of the grantor's husband, John J. Maloney, Jr., the trustees shall divide all property then belonging to the principal and income of said trust into a sufficient number of equal shares so that there shall be set aside one such share for each child of the grantor's husband, John J. Maloney, Jr., as shall then be living and one such share for the then living issue taken collectively of each child of the grantor's husband who has previously died. . .

[dkt item 24, Exhibit F]

The Trust then states that "as to each share so set aside for the benefit of each child of the grantor's husband who shall have attained the age of thirty-five (35) years, such share shall be distributed to such child." [dkt item 24, Exhibit F] However, attaining the age of thirty-five (35) is not a requirement to receiving a distribution; the Trust further states that

> As to each share so set aside for the benefit of each child of the grantor's husband who shall not have attained the age of thirty-five (35) years, such share shall be held IN FURTHER TRUST, as a separate trust, by the trustees to manage, invest and reinvest the same and to collect and receive the income thereof and to pay to the child for whose benefit the same shall have been so set aside until he or she shall attain the gage of thirty-five (35) years.

[dkt item 24, Exhibit F]

---

[1] Debtor does not argue that the Remainder Funds constitute an interest in property from a "bequest, devise, or inheritance" under 11 U.S.C. § 541(a)(5).

Decision and Order – p. 6

Also, the vesting of JJM's childrens' interests is not contingent upon them surviving JJM, as the 1996 Trust provides that "as to each share so set aside for the benefit of the then living issue of each child of the grantor's husband who previously died, such share shall be distributed to such issue."  [dkt item 24, Exhibit F]

The Court will first look to the nature of Debtor's interest created under the 1996 Trust in order to determine whether it constitutes property of the estate pursuant to 11 U.S.C. § 541.  By statute, remainder interests in New York are either: (A) indefeasibly vested;[2] (B) vested subject to open;[3] (C) vested subject to a complete defeasance;[4] or (D) subject to a condition precedent.[5] N.Y. EST. POWERS & TRUSTS § 6-3.2 (McKinney 2011).  A vested remainder subject to open "is an estate created in favor of a class of persons, one or more of whom are ascertained and in being, which is certain when created to become an estate in possession whenever and however the preceding estates end, and is subject to diminution by reason of another person becoming entitled to share therein."  N.Y. EST. POWERS & TRUSTS § 6-4.8 (McKinney 2011).

The 1996 Trust established a remainder interest in the trust assets in favor of JJM's children, or "in favor of a class of persons, one or more of whom [were] ascertained and in

---

[2] N.Y. EST. POWERS & TRUSTS § 6-4.7 (McKinney 2011) ("A future estate indefeasibly vested is an estate created in favor of one or more ascertained persons in being which is certain when created to become an estate in possession whenever and however the preceding estates end and which can in no way be defeated or abridged.").

[3] N.Y. EST. POWERS & TRUSTS § 6-4.8 (McKinney 2011) ("A future estate vested subject to open is an estate created in favor of a class of persons, one or more of whom are ascertained and in being, which is certain when created to become an estate in possession whenever and however the preceding estates end, and is subject to diminution by reason of another person becoming entitled to share therein.").

[4] N.Y. EST. POWERS & TRUSTS § 6-4.9 (McKinney 2011) ("A future estate vested subject to complete defeasance is an estate created in favor of one or more ascertained persons in being, which would become an estate in possession upon the expiration of the preceding estates, but may end or may be terminated as provided by the creator at, before or after the expiration of such preceding estates.").

[5] N.Y. EST. POWERS & TRUSTS § 6-4.10 (McKinney 2011) ("A future estate subject to a condition precedent is an estate created in favor of one or more unborn or unascertained persons or in favor of one or more presently ascertainable persons upon the occurrence of an uncertain event.").

being." The class of beneficiaries was limited to all of JJM's children; because Debtor was a child of JJM as of 1996, he was "ascertained and in being." Debtor's future interest was "subject to diminution by reason of another person becoming entitled to share therein," because if JJM had additional children after the Trust was settled, the existing children's respective shares would be diluted. Further, the 1996 Trust did not require that the children of JJM obtain a certain age for their future interest to vest; rather, the 1996 Trust established a further trust for JJM's issue who had not turned thirty five. Nor did the event of a child of JJM predeceasing JJM terminate that child's interest; rather, the heirs of any child of JJM's who predeceased him would share in JJM's child's distribution. Because no contingencies attached to the future interest of a child of JJM, Debtor's future interest was not subject to complete defeasance or subject to a condition precedent.

Accordingly, this Court concludes Debtor's interest in the 1996 Trust at the Petition Date constituted a vested remainder subject to open. N.Y. EST. POWERS & TRUSTS § 6-4.8 (McKinney 2011); *see In re Gunby's Will*, 29 Misc.2d 155, 218 N.Y.S.2d 715 (N.Y. Sur. Ct. Orleans County 1961) (holding that a trust that granted a life estate to the widow and the remainder interest to her children created a vested remainder subject to open because "the members of the class existing at the date of the testator's death take a vested interest in the remainder, but subject to open and let in persons of the class born subsequently and before the time appointed for the enjoyment of the object of the gift."); *see also Losey v. Stanley*, 147 N.Y. 560, 42 N.E. 8 (1895) (holding that a trust that granted a life estate to the grantor's son and a remainder to the son's heirs created a vested remainder subject to open for the son's children and "such vested remainder became a fee simple absolute in the children living at the death of their father.").

Decision and Order – p. 8

The next issue is whether a vested remainder subject to open constitutes property of the estate on the Petition Date.  As the Second Circuit has explained, property of the bankruptcy estate encompasses "every conceivable interest of the debtor, future, non-possessory, contingent, speculative, and derivative. . . ." *Chartschlaa v. Nationwide Mut. Ins. Co.*, 538 F.3d 116, 122 (2d Cir. 2008); *see In re Arana*, 456 B.R. 161 (Bankr. E.D.N.Y. 2011); *see also Tuffy v. Nichols*, 120 F.2d 906 (2d Cir. 1941) (holding debtor's remainder interest subject to a life estate was an asset of the debtor at the time bankruptcy was filed and therefore should properly be administered by the bankruptcy trustee for the benefit of creditors). "Courts in this circuit have long held that a remainder interest, whether considered contingent or vested subject to divestment, constitutes property of the Debtor's bankruptcy estate under 11 U.S.C. § 541(a)(1)." *In re Cady*, 440 B.R. 20 (Bankr. N.D.N.Y. 2010) (citing cases); *see In re Rasmussen*, 2010 WL 2889558, at *4 (Bankr. E.D.N.Y. 2010) (citing N.Y. EST. POWERS & TRUSTS § 6-5.1 (McKinney 2011) (holding that "[f]uture estates are descendible, devisable and alienable, in the same manner as estates in possession."); *In re Kreiss*, 72 B.R. 933 (Bankr. E.D.N.Y. 1987) (holding debtor's remainder interest in a trust subject to a life tenancy are alienable interests that passed to the bankruptcy trustee upon commencement of the bankruptcy case); *In re Crandall*, 173 B.R. 836 (Bankr. D. Conn. 1994) (holding debtor's interest in a revocable living trust was property of the bankruptcy estate).

Debtor argues that his residual interest in the 1996 Trust was a contingent interest or a remainder interest subject to a condition precedent,[6] as opposed to a vested interest subject to open, and that Debtor's interest did not vest until the actual death of JJM.  Debtor further argues that the language of the 1996 Trust provided that beneficiaries of the 1996 Trust could not be

---

[6] Prior to the enactment of the statute, remainder subject to a condition precedent was commonly called a "contingent remainder." *Izzo v. Brooks*, 106 Misc.2d 743, 752, 435 N.Y.S.2d 485, 491 (N.Y. Sup. Ct. 1980) (citing N.Y. EST. POWERS & TRUSTS § 6-4.10, Practice Comment (McKinney sup. 1979-1980)).

Decision and Order – p. 9

determined until JJM's death. This argument is incorrect. Debtor was alive at the execution of the 1996 Trust and, along with any siblings alive in 1996, was a member of the remainder class as a child of JJM. Accordingly, Debtor's interest vested once the 1996 Trust was created even though the remainder class was left open for possible additional children of JJM.

Further, regardless of whether Debtor's residual interest in the Remainder Funds is labeled as a remainder subject to a condition precedent or a vested remainder subject to open, the Court's conclusion remains unchanged. "[A] remainder interest, whether considered contingent or vested subject to divestment, constitutes property of the Debtor's bankruptcy estate under 11 U.S.C. § 541(a)(1)." *Cady*, 440 B.R. at 20. Therefore the Remainder Funds are property of the estate pursuant to § 541, and the Trustee is entitled to summary judgment thereon.

*C. The Condo Proceeds*

Because the Trustee concedes that the $4,076.25 of Condo Proceeds is excluded from being property of the estate under § 541(a)(5), the Trustee should release those funds from the fiduciary account and deliver that amount to Debtor within thirty (30) days of entry of a final judgment.

## CONCLUSION

Based on the foregoing, it is hereby:

**ORDERED**, that the MSJ is granted as set forth herein; and it is further

**ORDERED**, that the Trustee is entitled to administer the $150,000 of the Remainder Funds and Debtor is entitled to the $4,076.26 of the Condo Proceeds; and it is further

**ORDERED**, that cost of Court shall not be taxed, as both the Trustee and Debtor are prevailing parties; and it is further

**ORDERED**, that the Trustee shall submit a final judgment consistent with this Order within fourteen days hereof.



**Dated: May 23, 2012**
**Central Islip, New York**

_____
**Alan S. Trust**
**United States Bankruptcy Judge**